IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| SCOTT E. KNOX, | : | Case No. 1:08cv577 |
| Plaintiff, | : | Judge Michael Barrett |
| vs. | : | |
| CITY OF BLUE ASH, et al., | : | **DEFENDANTS' MOTION TO DISMISS** |
| Defendants. | : | |

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants City of Blue Ash ("the City") and Officer Scott Noel ("Officer Noel") respectfully move this Court for an Order dismissing Plaintiff's § 1983 claims as a matter of law.  In support of this Motion, Defendants offer the following memorandum.

/s/ Gary E. Becker
Gary E. Becker (0012716)
Jessica A. Dipre (0079343)
Dinsmore & Shohl LLP
1900 Chemed Center
255 E. Fifth Street
Cincinnati, Ohio  45202
(513) 977-8200
(513) 977-8141
gary.becker@dinslaw.com
jessica.dipre@dinslaw.com

## MEMORANDUM IN SUPPORT

### I.     CONTEXT

This § 1983 claim arises from a high speed chase of a stolen vehicle which ended when a Blue Ash police officer shot and fatally wounded the driver of the vehicle (Charles Wayne Bennett). The claims in this case are brought by the administrator of the driver Bennett's estate (attorney Scott E. Knox), against the City of Blue Ash and the Blue Ash Police Officer (Scott Noel) who initiated the pursuit.  No claims have been brought against the Blue Ash Police Officer who actually fired shots into the vehicle.  Specifically, Plaintiff Knox asserts claims for alleged deprivation of the driver Bennett's rights under the Fourth and Fourteenth Amendment, including the right to be free of unreasonable searches and seizures, the right to be free from excessive force and the right to due process of law.  However, as demonstrated below:

- The Fourth Amendment is not implicated in the <u>chase</u> of the vehicle by Officer Noel;

- There are no allegations that Officer Noel used any force against the driver Bennett;

- There are no specific allegations of any deprivation of substantive or procedural process due the driver Bennett by Noel or the City; and

- There are no allegations that any custom or policy of the City caused the death of the driver Bennett,

As such, the entirety of the § 1983 claims against both Defendants should be dismissed.[1]

### II.     ARGUMENT

In order to state a claim under 42 U.S.C. § 1983 a plaintiff must present facts sufficient to show that: (1) defendants were acting under the color of law; and (2) defendants deprived him "of a

---

[1] While Plaintiff's Complaint also includes state law claims for Wrongful Death against the City and Officer Noel, this Motion only contests Plaintiff's federal § 1983 claims.  However, a dismissal of all federal claims requires dismissal of the state law claims as well.  *Kurz v. Michigan*, 548 F.2d 172 (6th Cir. 1977).

specific right or interest secured by the Constitution or law of the United States." *Meals v. City of Memphis* (6th Cir. 2007), 493 F.3d 720, 727, *See*, 42 U.S.C. § 1983.[2]  "Section 1983 is not itself a source of any substantive rights, but instead provides the means by which rights conferred elsewhere may be enforced." *Meals, supra, citing, Baker v. McCollan* (1979), 443 U.S. 137, 144, n.3.  "It is not enough for a complaint under § 1983 to contain mere conclusory allegations of unconstitutional conduct by persons acting under color of state law." *Chapman v. City of Detroit* (6th Cir. 1986), 808 F.2d 459, 465.  "Some factual basis for such claims must be set forth in the pleadings." *Id*., *citing, Place v. Shepherd* (6th Cir. 1971), 446 F.2d 1239.

### A.     OFFICER NOEL'S HIGH SPEED PURSUIT DOES NOT CONSTITUTE A SEIZURE UNDER THE FOURTH AMENDMENT.

First, in order to sustain a claim for a violation of Fourth Amendment rights, a plaintiff must establish that: (1) a "seizure" occurred, and (2) the seizure was unreasonable. *Galas v. McKee*, 801 F.2d 200, 202-203 (6th Cir. 1986).  In that regard, the United States Supreme Court has consistently held that the Fourth Amendment is not implicated in a police pursuit because a police pursuit does not amount to a seizure. *County of Sacramento v. Lewis* (1998), 523 U.S. 833, 843-44; citing, *California v. Hodari D*. (1991), 499 U.S. 621; *See Meals v. City of Memphis* (6th Cir. 2007), 493 F.3d 720, 725, n.5.  In this particular case, Plaintiff Scott Knox's claims are solely directed toward the police officer (Scott Noel) who "commenced pursuit" of the stolen vehicle that Bennett was driving.  Complaint  at ¶ 12.  Because police pursuits do not amount to seizures, and Plaintiff has made no other factual allegations to suggest that Officer Noel ever "seized" the driver Bennett, Plaintiff's claim that Officer Noel deprived the driver Bennett of his right to be free of unreasonable seizures fails as a matter of law.

---

[2] The purpose of a Rule 12(b)(6) motion is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to relief even if everything in the Complaint is true. *See Mayer v. Mylod*, 988 F.2d 635, 637 (6th Cir. 1993). However, the trial court need not accept as true legal conclusions or unwarranted factual inferences. *See Morgan v. Church's Fried Chicken* (6th Cir. 1987), 829 F.2d 10, 12.

**B.** **PLAINTIFF DOES NOT ALLEGE THAT OFFICER NOEL USED ANY FORCE.**

Plaintiff's Complaint contains no allegations that Officer Noel used any force against the driver Bennett.  Rather, the only factual allegations contained in the Complaint that refer to the use of force relate to the shooting of the driver Bennett, which force was not applied by Defendant Noel. *Id.* at ¶¶ 25-29.  Because Plaintiff fails to allege that Defendant Noel used any force against the driver Bennett, let alone excessive force, Plaintiff's claim against Noel fails as a matter of law. *See Haverstick Enterprises, Inc. v. Financial Federal Credit, Inc.* 32 F.3d 989, 996 (6th Cir. 1994) ("essential element" of a constitutional violation absent where "no force, let alone excessive force, was used").

**C.** **PLAINTIFF FAILS TO ADEQUATELY ALLEGE THAT OFFICER NOEL VIOLATED THE DRIVER BENNETT'S RIGHT TO DUE PROCESS.**

The Complaint of Plaintiff Knox contains only a conclusory allegation that the driver Bennett was somehow deprived of his "right to due process of law."  Complaint at ¶ 38.  Plaintiff does not indicate whether he is alleging a deprivation of the driver's procedural due process rights or a deprivation of the driver's substantive due process rights.  Regardless, Plaintiff's claims must fail because mere conclusory allegations are not enough to support a due process claim. *See Chapman*, 808 F.2d at 465 (holding that dismissal was proper where plaintiffs merely alleged "[s]aid conduct on the part of Defendants is in derogation [sic] of Plaintiffs' right to due process of law…," because such conclusory allegations are not enough to support a § 1983 claim).  Moreover, there are no claims that Officer Noel did anything other than pursue the stolen vehicle being drive by Bennett, and as noted above, mere pursuit of a vehicle does not implicate any constitutional rights of the driver.

4

**D.     PLAINTIFF FAILS TO ALLEGE HE WAS INJURED AS A RESULT OF A MUNICIPAL CUSTOM OR POLICY.**

In order to prevail on a § 1983 claim against a municipality, plaintiff must show: (1) the existence of a citywide policy or custom, and (2) a direct causal link between the policy or custom and a constitutional violation. *See City of Canton v. Harris* (1988), 489 U.S. 378, 385; *Monell v. Department of Soc. Serv.* (1978), 436 U.S. 658, 694.  If Plaintiff cannot show that the particular constitutional violation was caused through enforcement of a municipal policy, his claims against the municipality must fail. *Garner v. Memphis Police Dep*. (6th Cir. 1993), 8 F.3d 358, 364.

Here, while Plaintiff does allege the City of Blue Ash has an express policy governing high speed pursuits, there is no allegation that enforcement or utilization of that policy caused the driver Bennett's death.  In fact, Plaintiff does the exact opposite arguing that Officer Noel did <u>not</u> follow the City's policy.  Complaint ¶ 20.

He likewise concedes that neither the chase nor the attempt to stop the vehicle being driven by Bennett caused Bennett's death.  Rather, it was the discharge of a firearm which caused the death, and there is no allegation that the discharge of a firearm was pursuant to any custom of policy of the City of Blue Ash.  Because Plaintiff's Complaint fails to allege that the driver Bennett was injured as a result of the unconstitutional enforcement or utilization of a policy or custom of the City, Plaintiff's claims against the City of Blue Ash must fail as a matter of law.

## III.     CONCLUSION

The § 1983 claims of Plaintiff Knox against the City of Blue Ash and Officer Noel fail as a matter of law.  Officer Noel's pursuit of the stolen vehicle that Bennett was driving does not amount to a seizure, and the Fourth Amendment therefore does not apply.  Plaintiff does not allege in his Complaint that Officer Noel exercised any force against the driver Bennett, and thus Plaintiff has likewise failed to state a claim for excessive force.  Moreover, Plaintiff's conclusory allegation that

the driver Bennett was deprived of his "right to due process of law" by the mere pursuit of a vehicle

is not sufficient to state a claim for either a substantive or procedural due process claim.  Finally, the

City of Blue Ash is entitled to dismissal as a matter of law because Plaintiff fails to allege that

Bennett's  constitutional rights were violated as a result of the execution or implementation of a

municipal custom or policy.  Because Plaintiff's federal § 1983 claims lack merit, dismissal of

Plaintiff's state claims is also required.


/s/ Gary E. Becker
Gary E. Becker (0012716)
Jessica A. Dipre (0079343)
Dinsmore & Shohl LLP
1900 Chemed Center
255 E. Fifth Street
Cincinnati, Ohio  45202
(513) 977-8200
(513) 977-8141
gary.becker@dinslaw.com
jessica.dipre@dinslaw.com

6

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on October 8, 2008, a copy of the foregoing was filed electronically via CM/ECF. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.  I hereby certify that I have mailed via regular United States Mail the document to the following non CM/ECF participants:


/s/ Gary E. Becker
Gary E. Becker (0012716)